**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,**<br><br>***Plaintiff,***<br><br>**v.**<br>**ABNER ALEJANDRO TINOCO, and KIKIT & MESS INVESTMENTS, LLC,**<br><br>***Defendants.*** | **Case No: EP-21-CV-00237-DCG**<br><br>**Hon. David C. Guaderrama** |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT KIKIT & MESS INVESTMENTS, LLC**

1. On September 28, 2021, Plaintiff, Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint") (Docket Entry ("D.E.") # 3) under seal against defendants Abner Alejandro Tinoco ("Tinoco") and Kikit & Mess Investments, LLC ("Kikit") (collectively, "Defendants") seeking injunctive and other equitable relief for violations of anti-fraud provisions of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 6b(a)(1)(A), (C), 6*o*(1), 9(1) (2018), and Commission Regulations ("Regulations") 17 C.F.R. §§ 5.2(b) and 180.1(a)(1)-(3).

2. Contemporaneously with the filing of the Complaint, Plaintiffs moved the Court on an emergency *ex parte* basis, for an order, pursuant to Section 6c(a) of the Act, and in accordance with Federal of Civil Procedure 65, that: (1) freezes the assets of Defendants, (2) grants the CFTC immediate access to the books, records, and other documents of Defendants and the authority to inspect and copy such records; (3) appoints a temporary receiver; and (4) grants

Plaintiff's motion for expedited discovery in advance of a preliminary injunction hearing. (D.E. ## 7, 5)

3. On October 13, 20201, after reviewing the Plaintiff's Emergency Motion for an *ex parte* Statutory Restraining Order, the Appointment of a Temporary Receiver and a Preliminary Injunction ("SRO") (D.E. #7), the Court entered the SRO. (D.E. #13) The SRO froze Tinoco's and Kikit's assets, prohibits them from destroying books and records and denying the Commission access to their books and records, and appointed a Temporary Receiver, Kelly Crawford of Scheef & Stone, LLP ("Temporary Receiver"). By separate order, the Court granted plaintiff's motion for expedited discovery in advance of a preliminary injunction hearing. (D.E. #14) The SRO also set a hearing on the Plaintiff's Motion for a Preliminary Injunction ("Motion") for October 20, 2021 and directed that the SRO remain in full force and effect until October 27, 2021 unless extended further by order of Court pursuant to Fed. R. Civ. P. 65(b)(2).

4. On October 14, 2021, Plaintiff properly served Defendant Tinoco. (D.E. #25). On October 14, 2021, Plaintiff also properly served Defendant Kikit. (D.E. #26)

5. On October 15, 2021, Plaintiff filed an emergency motion that the preliminary injunction hearing be held remotely. (D.E. #17) On October 18, 2021, Defendant Tinoco filed an emergency motion for a continuance of the Preliminary Injunction hearing. (D.E. # ) On October 18, 2021, the Court entered an order granting a continuance of the preliminary injunction hearing and reset the hearing for October 27, 2021 at 2:00 pm via Zoom Videoconference. (D.E. #22)

6. Defendant Kikit, without admitting or denying the allegations of the Complaint for purposes of this Consent Order for Preliminary Injunction Against Defendant Kikit & Mess Investments, LLC ("Kikit Order"), except as to jurisdiction over the parties and over the subject matter of this action and venue, which Defendant Kikit admits, hereby consents to the entry of this Kikit Order.

7. Defendant Kikit states that its consent is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent, or representative thereof to induce it to consent to this Consent Order

8. In consideration of the foregoing, and based on the entire record in this case, the Court finds that there is good cause to believe that a preliminary injunction is proper in this case to preserve the *status quo*; prevent the withdrawal, transfer, removal, dissipation or disposal of assets; prevent the destruction, alteration, or disposal of books and records and other documents; protect members of the public from loss and damage, and enable the Plaintiffs to fulfill their statutory duties in this civil enforcement action.

9. The Court hereby grants the Motion on the terms and conditions to which Plaintiff and Defendant Kikit have stipulated, as set forth below.

## I. DEFINITIONS

For the purposes of this Consent Order, the following definitions apply:

10. The term "assets" encompasses any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial

institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all funds, wherever located, whether in the United States or outside the United States.

11. The term "records" encompasses "documents" and "electronically stored information" as those terms are used in Fed. R. Civ. P. 34(a), and includes, but is not limited to, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or other data compilations—stored in any medium from which information can be obtained or translated, if necessary, into reasonable usable form. The term "records" also refers to each and every such item in Defendants' actual or constructive possession, including but not limited to: (i) all such items within the custody or control of any agents, employers, employees, or partners of the Defendants; and (ii) all items which Defendants have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate item within the meaning of the term. A record also includes the file and folder tabs associated with each original and copy.

12. "Defendants" refers to defendants Abner Alejandro Tinoco and Kikit & Mess Investments, and all persons insofar as they are acting in the capacity of Tinoco's and/or Kikit's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active participation with Tinoco and/or Kikit who receive actual notice of this Consent Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

## II. RELIEF GRANTED

**THE PARTIES AGREE AND IT IS HEREBY ORDERED that:**

### A. Jurisdiction and Venue

13. The Defendants have been properly served with a Summons and a copy of the Complaint and Defendant Kikit has consented to the entry of this Kikit Order.

14. This Court is authorized to enter a preliminary injunction and ancillary equitable relief against Defendant Kikit pursuant to 7 U.S.C. §§ 13a-1 and 13a-2.

15. This Court has jurisdiction over Kikit and the subject matter of this action pursuant to 28 U.S.C. § 1331 (2018) (federal question jurisdiction) and 28 U.S.C. § 1345 (2018) (district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress).

16. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (2018) (federal question jurisdiction) and 28 U.S.C. § 1345 (2018) (district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress).

17. 7 U.S.C. § 13a-1(a) (2018), authorizes the CFTC to seek injunctive and other relief against any person whenever it appears to the CFTC that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or other thereunder.

18. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2018) because Defendants transacted business in this District, and certain of the acts and practices in violation of the Act and CFTC Regulations are occurring, or are about to occur within this District, among other places.

19. Defendant Kikit waives the entry of findings of fact and conclusions of law for purposes of this Consent Order pursuant to Fed. R. Civ. P. 52(a)(2) and the Court accepts that waiver.

**B. Prohibitions from Violating the Act, Regulations and From Engaging in Commodity-Related Activities**

20. Defendant Kikit, and its agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successors thereof, who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from:

a. directly or indirectly: (a) cheating or defrauding or attempting to cheat or defraud any other person; or (c) willfully deceiving or attempting to deceive any other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for such other person, in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any person, or otherwise violating Section 4b(a)(1)(A) and (C) of the Act, 7 U.S.C. §6b(a)(1)(A), (C) (2018);

b. directly or indirectly: (a) cheating or defrauding or attempting to cheat or defraud any other person; or (c) willfully deceiving or attempting to deceive any other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract or the disposition or execution of any order or contract, in regard to any act of agency performed, with respect to any order or contract for such other person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery that is made, or to be made, other than on or subject to the rules of a designated contract market, for or on behalf of any person, or otherwise violating Section 4b(a)(2)(A) and (C), 7 U.S.C. § 6b(a)(2)(A) and (C) (2018) and Regulation 5.2(b)(1) and (3); 17 C.F.R. § 5.2(b)(1), (3) (2020);

c. while acting as a commodity trading advisor ("CTA"), through the use of the mails or other means or instrumentality of interstate commerce such as the internet, electronic mail and electronic trading, employing a device, scheme or artifice to defraud clients and prospective clients and engage in a transaction, practice or course of business which operates as a fraud upon its clients and prospective clients, or otherwise violating Section 4*o*(a)(A) and (B) of the Act, 7 U.S.C. § 6*o*(1)(A), (B) (2018);

d. directly or indirectly, using or employing, or attempting to use or employ, in connection with any swap or contract of sale of any commodity in interstate commerce, or for future delivery on or subject to the rules of any registered entity, any manipulative or deceptive device or contrivance, including by intentionally or

recklessly: (1) using or employing, or attempting to use or employ, any manipulative device, scheme, or artifice to defraud; (2) making, or attempting to make, any untrue or misleading statement of a material fact or to omit to state a material fact necessary in order to make the statements made not untrue or misleading; or (3) engaging, or attempting to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person or otherwise violating Section 6(c)(1) of the Act and Regulation 180.1(a)(1)-(3), 7 U.S.C. § 9(1) (2018) and 17 C.F.R. §180.1(a)(1)-(3) (2020) .

21. Pending further order of the court, Defendant Kikit and its affiliates, agents, servants, employees, successors, assigns, attorneys, and all persons in active concert with them, directly or indirectly, are restrained and enjoined from:

a. Trading on or subject to the rules of any registered entity (as that term is defined by Section la(40) of the Act, 7 U.S.C. § la(40) (2018));

b. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2020)) for accounts held in the name of Tinoco or Kikit or for accounts in which Tinoco or Kikit has a direct or indirect interest;

c. Having any commodity interests traded on Defendants' behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

f. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2020); and

g. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2020)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9).

## C. Asset Freeze Order Prohibiting the Withdrawal, Transfer, Removal, Dissipation, and Disposal of Assts

22. Except as otherwise modified by this Order, the SRO (D.E. # 13) shall remain in full force and effect.

23. The injunctive provisions of this Order shall be binding upon Defendant Kikit, and upon any person acting in the capacity of agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them including any successors thereof, of Defendant Kikit, and upon any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in active concert or participation with Defendant Kikit.

24. Defendant Kikit and its agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined, except as otherwise ordered by this Court, from directly or indirectly withdrawing, transferring, removing, dissipating or otherwise disposing of any assets, wherever located, including Defendant Tinoco's and Kikit's funds, assets, including, but not limited to assets held in the names of Defendant Tinoco or Kikit, or in the name of Kikit & Mess Real Estate LLC or Kikit & Mess Exotics LLC or other property held outside the United States, in accordance with the Court's SRO and this Order.

25. At the request of the Receiver, Defendants Tinoco and Kikit and any other person who has possession, custody, or control of any of Defendants' funds, assets, or other property shall transfer possession of all funds, assets, or other property subject to this Order to the Receiver in accordance with the SRO and this Order.

26. The funds, assets, or other property affected by this Order shall include both existing funds, assets or other property, and funds, assets, or other property acquired after the effective date of this Order, except as described in Sections VIII and IX of this Order.

**D. Maintenance of and Access to All Records Relating to the Business Activities and Business and Personal Finances**

27. Defendants Tinoco and Kikit are restrained from directly or indirectly destroying, altering, or disposing of, in any manner any records that relate or refer to the business activities or business or personal finances of any Defendant in accordance with the Court's SRO and this Order.

28. Representatives of the Plaintiff Commission shall, with 24 hours' notice, be allowed access to inspect the records that relate or refer to the business activities and business and personal finances of Defendants Tinoco and Kikit, including, but not limited to, both hard-copy documents and electronically stored information, wherever they may be situated and whether they are in the possession of the Defendants Tinoco and Kikit or others; provided, however, that nothing in this Order shall be interpreted to allow Plaintiff or the Receiver access to communications, records or documents that are privileged as to Tinoco personally. To ensure preservation and facilitate meaningful inspection and review of records, Defendants Tinoco and Kikit shall allow representatives of the Commission to make copies of said documents and electronically stored information, and if on-site copying of documents and electronically stored information is not practicable, representatives may make such copies off-site. After any such off-site copying, Plaintiff shall promptly return the original documents and devices upon which electronic information is stored.

29. To further facilitate meaningful inspection and review, Defendants Tinoco and Kikit shall, to the extent not previously provided to or seized by the Commission, or the Receiver, promptly provide Commission staff with:

a. the location of all records relating or referring to the business activities and business and personal finances of Defendants Tinoco and Kikit;

b. all identification numbers and other identifying information for websites, cloud storage services, email and smartphone accounts, and all accounts at any bank, financial institution, or brokerage firm (including any introducing broker or futures commission merchant) owned, controlled or operated by Defendants Tinoco and Kikit, or to which the Defendants Tinoco and Kikit have access; and

c. all passwords to, and the location, make and model of, all computers and/or mobile electronic devices owned and/or used by Defendants Tinoco and Kikit in connection with their business activities and business and personal finances.

30. When inspecting records that are subject to this Order, including those contained on computer(s) and/or other electronic device(s), the Commission shall undertake reasonable measures to prevent review of Defendant Tinoco's privileged communications and privileged documents by the Commission's attorneys and other staff who are part of the litigation team in this matter. Moreover, Defendants Tinoco and Kikit shall promptly contact Plaintiff's counsel to assert any claims of privilege or other legal objection relating to the contents of any records that are subject to this Order and promptly cooperate with Plaintiff's counsel to develop reasonable protocols to isolate and prevent disclosure of claimed privileged materials to the Commission's attorneys and other staff who are part of the litigation team in this matter. However, except with respect to Defendant Tinoco's privileged communications and documents, nothing herein shall excuse Defendants Tinoco and Kikit from full and immediate compliance with this Court's Order permitting Plaintiff to inspect the books and records which relate to Defendants' business activities and their business and personal finances.

31. Nothing herein shall preclude Plaintiff from providing materials obtained from Defendants Tinoco and Kikit to any other government agency pursuant to a lawful access request by such agency.

**E. Appointment of Receiver**

32. Kelly Crawford, previously appointed by the Court as Temporary Receiver pursuant to the SRO, is appointed Receiver with the full powers of an equity receiver for Defendants Tinoco and Kikit and their affiliates or subsidiaries owned or controlled by Defendants, including but not limited to, Kikit & Mess Real Estate LLC and Kikit & Mess Exotics LLC (hereinafter referred to as the "Receivership Defendants"), and of all records, and all funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Defendants, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Defendants.

33. The Receiver shall be the agent of this Court in acting as Receiver under this Order.

34. The directions, authorizations, duties, and powers of the Temporary Receiver under the SRO are granted in full to the Receiver, Kelly Crawford, and incorporated in full herein as part of the Order.

**F. Cooperation with the Receiver**

35. Defendants Tinoco and Kikit and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority as provided in this Order; providing any password required to access any computer or electronic files in any medium; and discharging the

responsibilities of the Receiver under this Order, and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver; provided, however, that the Defendants and other persons bound by this Order are not required to provide the Receiver Defendant Tinoco's privileged communication or documents, and the Receiver shall take reasonable measures to ensure privileged communications or documents are not taken from Defendant Tinoco.

**G. Turning Over Property to the Receiver**

36. Upon service of this Order, and to the extent the Defendants Tinoco and Kikit have not done so pursuant to the SRO, and except when Defendant Tinoco makes a valid assertion of privilege, Defendants Tinoco and Kikit, and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver, including but not limited to:

a. Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of the Receivership Defendants;

b. Possession and custody of records of the Receivership Defendants in connection with their business activities and business and personal finances, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, cancelled checks, records of wire transfers, and check registers), client lists, title documents and other records of the Receivership Defendants;

c. Possession and custody of all funds and other assets belonging to members of the public now held by the Receivership Defendants;

d. All keys, computer or cloud computing passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or records of the Receivership Defendants, including but not limited to, access to the Receivership Defendants' business premises, means of communication, accounts, computer systems, mobile electronic devices or other property; and

e. Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants.

**H. Persons Bound by This Order**

37. This Order is binding on any person who receives actual notice of this Order by personal service or otherwise and is acting in the capacity of an officer, agent, servant, employee, or attorney of Defendants, or is in active concert or participation with the Defendants.

**I. Stay on Actions Against the Receivership Defendants**

38. Except by leave of the Court, during the pendency of the receivership ordered herein, Defendants Tinoco and Kikit, and all other persons and entities are stayed from taking any action (other than the present action by the Plaintiff Commission) to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

a. Petitioning, or assisting in the filing of a petition that would cause the Receivership Defendants to be placed in bankruptcy;

b. Commencing, prosecuting, litigating or enforcing any suit or proceeding against any of the Receivership Defendants, or any of their subsidiaries or affiliates, except that such actions may be filed to toll any applicable statute of limitations;

c. Commencing, prosecuting, continuing or entering any suit or proceeding in the name or on behalf of any of the Receivership Defendants, or any of their subsidiaries or affiliates;

d. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Receivership Defendants, or any of their subsidiaries or affiliates, or any property claimed by any of them, or attempting to foreclose, forfeit, alter or terminate any of the Receivership Defendants' interests in property, including without limitation, the

establishment, granting, or perfection of any security interest, whether such acts are part of a judicial proceeding or otherwise;

e. Using self-help or executing or issuing, or causing the execution or issuance of, any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Receivership Defendants, or any of their subsidiaries or affiliates, or the Receiver, or any agent of the Receiver; and

f. Doing any act or thing whatsoever to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or to harass or interfere with the duties of the Receiver; or to interfere in any manner with the exclusive jurisdiction of this Court over the property and assets of the Receivership Defendants, or their subsidiaries or affiliates.

39. Provided, however, that nothing in this section shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Receivership Defendants.

**J. Bond Not Required of Plaintiff Commission or the Receiver**

40. As Plaintiff, Commission has made a proper showing under 7 U.S.C. §13a-1(b) that it is not required to post any bond in connection with this Order. The Receiver is similarly not required to post bond.

**K. Authority of Receiver to Execute Order**

41. The Receiver is hereby authorized to execute this Order on behalf of Defendant Kikit and counsel for Tinoco and Kikit have no objection to the Receiver entering into this Order on behalf of Defendant Kikit.

**L. Force and Effect**

42. This Order shall remain in full force and effect until the final trial of this case, or until further order of this Court, and this Court retains jurisdiction of this matter for all purposes.

**IT SO ORDERED**, at El Paso, Texas on this 26th day of October 2021, at 11:15 a.m.

Hon. David C. Guaderrama
UNITED STATES DISTRICT JUDGE

CONSENTED TO AND APPROVED BY DEFENDANT:

Dated: 10-24-21

Kikit & Mess Investments, LLC
By: Kelly Crawford
*Temporary Receiver on behalf of Defendants Tinoco and Kikit*

CONSENTED TO AND APPROVED BY PLAINTIFF, CFTC

Dated: October 25, 2021

Plaintiff, Commodity Futures Trading Commission
*/s/Susan B. Padove*

Susan Padove
Senior Trial Attorney
spadove@cftc.gov (Padove)

David Terrell
Chief Trial Attorney
dterrell@cftc.gov (Terrell)

Division of Enforcement
Commodity Futures Trading Commission
525 W. Monroe St., Suite 1100
Chicago, IL 60661
(312) 596-0700
Phone: (202) 390-6885 (Padove - cell)
Fax: (312) 596-0714